# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:

MOHAMUD HASSAN ALI and
AMAL IBRAHIM ALI,

Case No. 10-11021-RGM
(Chapter 13)

    Debtors.

## MEMORANDUM OPINION AND ORDER

THIS CASE is before the court on the debtors' Emergency Motion/Application to Reimpose Stay on 1805 Crystal Drive, Unit No. 1105 S, Arlington, VA. The debtors filed a voluntary petition in bankruptcy pursuant to chapter 13 of the United States Bankruptcy Code in this court on November 19, 2009. (Case No. 09-19536-RGM). The case was dismissed on the debtors' motion on December 30, 2009, without having filed any schedules or the statement of financial affairs. The debtor filed this, their second case, also under chapter 13, on February 11, 2010. In this case, they filed their schedules and statement of affairs. Schedule A, Real Property, lists two properties, the first, a townhouse in Springfield, Virginia, with a current value of $265,000, subject to secured claims of $424,490; and the second, a condominium in Crystal City, Virginia, listed with a value of $365,000, subject to secured debt of $514,184.

The debtors' chapter 13 plan proposed to value the condominium at $328,500, that is a $365,000 value less ten percent, and pay $365,000 together with interest at five percent per annum. The second mortgage on the condominium unit was proposed to be stripped off. Even though the debtor and his wife have gross income of $27,995.64, they have a monthly net loss of $1,537.36. The Internal Revenue Service and the chapter 13 trustee objected to the debtors' proposed plan and

it was denied confirmation on April 15, 2010. On May 25, 2010, the debtors filed an amended plan which proposed the same treatment with respect to the condominium. OneWest Bank which is secured by the condominium objected to the amended chapter 13 plan as did the chapter 13 trustee. The plan was denied confirmation on September 10, 2010.

OneWest Bank filed a motion for relief from stay with respect to the condomindium on May 14, 2010. They asserted that the amount due it was $515,012.57; that the current tax assessment of the property was $398,500; and that the debtor had missed the March, 2010, post-petition payment and all payments thereafter. OneWest Bank was granted relief from stay by order entered on June 21, 2010.

On September 14, 2010, the debtors filed the present emergency motion seeking to reimpose the stay on the condominium. They assert that a foreclosure has been noticed for Friday, September 17, 2010, and that they have identified a buyer who is ready to purchase the property. The debtors wish to sell the property in a short sale and have "identified a short sale specialist" who would be able to work with the first and second trustholders. They ask that a stay be imposed for a period of 90 days to allow them to obtain consent of the lenders to a short sale.

Assuming all the allegations in the light most favorable to the debtors, the motion cannot be granted. There is no equity in the property and a short sale cannot be approved by the court absent consent of both lenders involved. The property could be sold free and clear of liens under §362(f) of the Bankruptcy Code only if both banks consent to the sale. If they are willing to consent to the sale or to grant the additional time the debtors request, the court need not impose a stay of a foreclsoure. If they will not consent to an extension of time or to a short sale, imposing a stay on them would unnecessarily delay them in exercising their rights against the property. In either event,

the consent of the lenders is necessary and a stay serves no purpose. The court cannot order the sale of the property over their objection. This is a matter best left to the parties, and the bankruptcy court having once dissolved the automatic stay ought not reimpose it in these circumstances, the hope that a purchaser who will purchase the property for less than the total value of the liens can be found in the short term and the lenders will agree to it. It is, therefore

ORDERED that the debtors' Emergency Motion/Application to Reimpose Stay on 1805 Crystal Drive, Unit No. 1105 S, Arlington, VA, is denied.

DONE at Alexandria, Virginia, this 14th day of September, 2010.

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

Copy electronically to:

James Tse Chung Tsai

16284